CALL & JENSEN
A Professional Corporation
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100
wcole@calljensen.com
morr@calljensen.com

Attorneys for Plaintiff Suja Life, LLC

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUJA LIFE, LLC, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PINES INTERNATIONAL, INC., a Kansas corporation,<br><br>Defendants. | Case No. **'16 CV0985 GPC WVG**<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Suja Life, LLC ("Suja"), for its complaint against defendant Pines International, Inc. ("Pines"), alleges as follows:

## NATURE OF THE ACTION

1. Suja brings this action to protect its intellectual property rights in and to its high quality Suja Mighty Greens fruit and vegetable juice drink. Suja is one of the fastest growing organic, cold-pressed and non-GMO beverage companies in the United States. Through the large-scale use of organic and non-GMO fruits and vegetables, and implementation of a breakthrough displacement technology called High Pressure Processing, Suja has become a leading organic and cold-pressed juice brand.

2. Suja Mighty Greens fruit and vegetable juice drink is a kosher-certified, vegan, dairy-free, soy-free, gluten-free juice made from, among other things, apple, celery, cucumber, kale, collard greens, lemon, peppermint tea, spearmint tea, spinach, ginger, spirulina, chlorella, barley grass and alfalfa grass.

3. Suja seeks a declaration pursuant to 28 U.S.C. § 2201 that Suja Mighty Greens does not infringe upon any of Pines' purported trademark rights. This action has been necessitated by Pines' meritless claims of trademark infringement and unfair competition.

## PARTIES

4. Suja is a limited liability company organized and existing under the laws of Delaware, having its principal place of business at 8380 Camino Santa Fe, San Diego, California 92121.

5. Pines is, upon information and belief, a Kansas corporation with its principal place of business at 1992 East 1400 Road, Lawrence, Kansas 66044. On information and belief, Pines transacts interstate business, including the marketing, distribution and sales of goods, in California and elsewhere.

## JURISDICTION AND VENUE

6. This is an action for declaratory relief brought under 28 U.S.C. §§ 2201, et seq., and under state unfair competition law, California Business and Professions Code §§ 17200, et seq. This Court has federal question subject matter jurisdiction over the federal claim pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121. This Court has subject matter jurisdiction over the state law claim under 28 U.S.C. § 1338(b) and the doctrine of supplemental jurisdiction. There is a substantial, immediate and real controversy between the parties as to their legal interests.

7. This Court has personal jurisdiction over Pines because Pines has purposefully availed itself of the privilege of conducting business in California.

1  Moreover, Pines conduct was intentionally and expressly aimed at Suja in California, causing harm, the brunt of which is suffered and which Pines knows is likely to be suffered in California. Pines' conduct has created a real and reasonable apprehension of alleged liability on the part of Suja based on actions taken by Pines in California.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Suja's claims against Pines occurred in the Southern District of California. Suja markets, distributes, exhibits, and sells the purportedly infringing property in this District; attempted to resolve the dispute with Pines in this District; and received cease-and-desist letters and demands from Pines in this District. Venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Pines directed its cease-and-desist letter and demands to this District and also, on information and belief, distributes, promotes, and sells dried plant material under its alleged trademark within this District.

## FACTUAL BACKGROUND

9. Pines markets and sells powders, tablets and capsules derived from dried or extracted plant materials. Pines does not market, distribute or sell beverages, juice beverages, or fruit and vegetable juice beverages.

10. Pines markets and sells a product it calls "Mighty Greens Superfood Blend"—a powder consisting primarily of dried or extracted wheatgrass and alfalfa leaf. Pines does not use the words "Mighty Greens" to identify any beverage, much less any fruit and vegetable juice drink.

11. Pines obtained a trademark registration for "Mighty Greens" to identify a "vegetable based nutritional supplement consisting primarily of dried or extracted plant material in Class 5" (Reg. No. 2,100,194).

12. On or about May 28, 2015, Pines sent Suja a letter, authored by outside counsel, accusing Suja of using Pines' claimed trademark—Mighty Greens—without authorization. According to the letter, Suja's actions "constitute infringement of Pines'



exclusive right to use its MIGHTY GREENS trademark, as well as unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1051, et seq., and various state laws."

13. Pines' letter demanded that Suja immediately cease and desist from any current or future use of the words "MIGHTY GREENS." The letter asserted that Suja's actions subject it to "legal liability."

14. Following the receipt of this letter, Suja's counsel communicated with Pines' counsel about resolving the dispute. On April 5, 2016, however, Pines' counsel advised Suja's counsel that Pines insists on Suja no longer using the words "MIGHTY GREENS," and that, if Suja did not agree, Pines would consider its other "options" for "stopping this infringement."

15. Faced with Pines' claims and demands, Suja commences this action to affirm its rights.

## COUNT ONE

### (Declaratory Judgment of Non-Infringement)

16. Suja repeats and realleges each allegation contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

17. Pines has alleged that Suja's use of the words "Mighty Greens" constitutes trademark infringement. Pines has demanded that Suja cease any use of the words "Mighty Greens" in connection with any juice product or related products or services. By virtue of Pines' conduct, Suja has been brought into adversarial conflict with Pines.

18. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Suja's and Pines' respective rights with respect to the use of the words "Mighty Greens."

19. Suja's use of the words "Mighty Greens" has not constituted, and does not constitute, trademark infringement. Suja's use of the words "Mighty Greens" is not likely to cause confusion, mistake or deception among the public as to whether any business or commercial activity of Suja has its source of origin with Pines or is in some

manner approved by, associated with, sponsored by, or connected with Pines. Suja has not infringed any rights belonging to, nor has it damaged, Pines.

20. Declaratory relief is necessary and appropriate at this time so that Suja's right to continue its conduct can be affirmed.

21. Suja has no adequate remedy at law.

22. Accordingly, Suja seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Suja's use of the words "Mighty Greens" in connection with Suja Mighty Greens fruit and vegetable juice drink does not infringe Pines' trademark rights, if any, and that said use has not damaged Pines in any way.

## COUNT TWO

### (Declaratory Judgment Regarding State Unfair Competition)

23. Suja repeats and realleges each allegation contained in paragraphs 1 through 15 of this complaint as if fully set forth herein.

24. Pines has alleged that Suja's use of the words "Mighty Greens" constitutes unfair competition. Pines has demanded that Suja cease any use of the words "Mighty Greens" in connection with any juice product or related products or services. By virtue of Pines' conduct, Suja has been brought into adversarial conflict with Pines.

25. By reason of the foregoing, there now exists between the parties an actual and justiciable controversy concerning Suja's and Pines' respective rights with respect to the use of the words "Mighty Greens."

26. Suja's use of the words "Mighty Greens" does not constitute unfair competition. Suja's use of the words "Mighty Greens" is not likely to cause confusion, mistake or deception among the public as to whether any business or commercial activity of Suja has its source of origin with Pines or is in some manner approved by, associated with, sponsored by, or connected with Pines. Suja has not infringed any rights belonging to, nor has it damaged, Pines.

27. Declarative relief is necessary and appropriate at this time so that Suja's right to continue its conduct can be affirmed.

28. Suja has no adequate remedy at law.

29. Accordingly, Suja seeks, pursuant to 28 U.S.C. § 2201, a judgment from this Court that Suja's use of the words "Mighty Greens" in connection with its Suja Mighty Greens fruit and vegetable juice drink does not constitute unfair competition.

**PRAYER FOR RELIEF**

WHEREFORE, Suja prays for a judgment against Pines as follows:

1. For a declaration that Suja's use of the words "Mighty Greens" in connection with Suja Mighty Greens fruit and vegetable juice drink does not:

    a. Infringe or otherwise violate any of Pines' trademark rights;

    b. Violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    c. Violate California Business and Professions Code §§ 17200 et seq.;

    d. Violate any applicable common law or statutory unfair competition law;

2. For Suja's attorneys' fees and costs incurred to the extent permitted by law; and

3. For such other and further relief as the Court deems just and equitable.

Dated: April 22, 2016

CALL & JENSEN
A Professional Corporation
Matthew R. Orr
William P. Cole

By: */s/ William P. Cole*
      William P. Cole

Attorneys for Plaintiff Suja Life, LLC

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Suja Life, LLC hereby demands trial by jury on all issues triable by jury.

Dated: April 22, 2016

CALL & JENSEN
A Professional Corporation
William P. Cole
Matthew R. Orr

By: */s/ William P. Cole*
William P. Cole

Attorneys for Plaintiff Suja Life, LLC