UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SUJA LIFE, LLC, | CASE NO. 16CV985-GPC(WVG) |
|---|---|
| Plaintiff, | **ORDER GRANTING DEFENDANT'S EX PARTE MOTION FOR LEAVE TO CONSIDER ITS LATE OPPOSITION AND GRANTING IN PART DEFENDANT'S EX PARTE MOTION FOR RECONSIDERATION** |
| v. | |
| PINES INTERNATIONAL, INC., | |
| Defendant. | [Dkt. No. 26.] |

On July 20, 2016, Defendant Pines International, Inc. ("Defendant" or "Pines") filed an ex parte motion for reconsideration[1] of the Court's order granting Plaintiff Suja Life, LLC's ("Plaintiff" or "Suja") ex parte application to continue the hearing date on Defendant's motion for preliminary injunction and for expedited discovery. (Dkt. No. 26.) On July 21, 2016, Suja filed a notice of intent to oppose the ex parte motion and filed an opposition on July 22, 2016. (Dkt. Nos. 27, 29.) Without seeking leave to file a reply, Pines filed a reply. (Dkt. No. 30.) Based on the reasoning below, the Court GRANTS Pines' ex parte motion for leave to file a late opposition and GRANTS in part Pines' ex parte motion to reconsider the Court's order filed on July 19, 2016.

/ / / /

---

[1] It appears that Pines seeks a motion for leave to consider its late opposition and a motion for reconsideration of the Court's order.

**Discussion**

On July 19, 2016, the Court granted Plaintiff's unopposed ex parte motion for order continuing hearing on motion for preliminary injunction and for early discovery. (Dkt. No. 23.) The Court continued the hearing date from September 30, 2016 to November 4, 2016 and granted Suja's request to conduct early expedited discovery to oppose the motion for preliminary injunction. (Id.)

**Background**

On April 22, 2016, Suja filed a declaratory relief action against Pines that it does not infringe upon any of Pines' purported trademark rights. (Dkt. No. 1.) In June 2016, the parties were engaged in settlement negotiations and requested an extension of time for Pines to prepare an answer which was granted. (Dkt. Nos. 11, 12.) Then on June 24, 2016, Pines filed an answer and counterclaim against Suja. (Dkt. No. 13.) On June 20, 2016, Pines filed an amended answer and counterclaim for trademark infringement, false designation of origin, unfair competition, state statutory unfair competition, state common law unfair competition, and common law trademark infringement. (Dkt. No. 25.)

On June 9, 2016, Pines filed a motion for preliminary injunction with a hearing date on September 30, 2016. (Dkt. No. 15.) On July 15, 2016, Suja filed an ex parte motion to continue the hearing on preliminary injunction and sought expedited early discovery. (Dkt. No. 21.) Pines did not file an opposition to the ex parte motion or file a notice of its intent to oppose the ex parte motion pursuant to the undersigned Chambers' Civil Rules.[2] Therefore, without a response by Pines, on July 19, 2016, the Court granted in part Plaintiff's ex parte motion for order continuing hearing date for preliminary injunction and for early discovery from September 30, 2016 to November

---

[2] The undersigned Chambers' Rules concerning ex parte motions provide, "The Court may rule upon ex parte motions without requiring a response from the opposing party. If a party intends to oppose the ex parte motion, the party must immediately file a notice stating that the party intends to oppose the ex parte motion and providing the date upon which the opposition will be filed."

4, 2016.[3] Pines filed the instant ex parte motion for reconsideration of the Court's order.

## Discussion

**A.    Motion for Leave to Consider Late Opposition**

While Pines moves for reconsideration for the Court to consider its late opposition, in fact, it moves for leave of Court to consider its late opposition.

A motion for reconsideration may be brought under Federal Rule of Civil Procedure ("Rule") 54(b) which provides that any order which does not terminate the case is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); see also Ybarra v. McDaniel, 656 F.3d 984, 998 (9th Cir. 2011).

Rule 6(b)(1)(B) also provides that the "court may, for good cause, extend the time: . . . (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Here, Pines' counsel admits that he should have immediately filed a notice and mistakenly failed to file a timely notice of intent to oppose Suja's ex parte motion due to a bicycling accident during the week of July 11, 2016. (Dkt. No. 26-1, McArthur Decl. ¶¶ 8, 9.) He argues it was a clerical error which was exacerbated by the fact that he was hospitalized during the week of July 11, 2016. In response, Suja argues that Pines has not satisfied the standard for reconsideration.

While Pines has not satisfied the standard for reconsideration for purposes of seeking leave of court to consider its late opposition, it has satisfied the Rule 6(b) standard for excusable neglect. In Pioneer Investment Services Co. v. Brunswick Association Ltd. Partnership, 507 U.S. 380, 395 (1993), the United States Supreme

---

[3]In its motion, Plaintiff sought a hearing date on November 28, 2016.

1  Court specifically set forth the standard for demonstrating excusable neglect, which
2  includes the following four-part test: (1) the danger of prejudice to the non-moving
3  party; (2) the length of delay and its potential impact on judicial proceedings; (3) the
4  reason for the delay, including whether it was within the reasonable control of the
5  movant; and (4) whether the moving party's conduct was in good faith. Id. at 395.

6  Here, there was no delay in raising the ex parte motion to reconsider, Pines did
7  not act in bad faith in failing to file an opposition and no prejudice to Suja if the Court
8  considers Pines' opposition. Therefore, the Court GRANTS Pines' ex parte motion for
9  leave to consider its late opposition. The Court next considers Pines' ex parte motion
10 for reconsideration of the Court's order.

11 In its ex parte motion, Suja argued that there is no urgency in Pines' motion for
12 preliminary injunction because it delayed bringing its motion for preliminary injunction
13 for more than one year.  Suja argues that in order to show that Pines will not likely
14 prevail on the merits of its claims and is not suffering any irreparable harm, Suja must
15 interview witnesses, take depositions, serve requests to inspect documents and tangible
16 things, review and analyze documents provided by Pines, identify and consult with
17 expert witnesses, and gather and review any relevant documents in Suja's possession.
18 (Dkt. No. 21-2, Orr Decl. ¶ 5.)  Suja not only seeks to oppose by pointing out the lack
19 of evidence to support Pines' requested relief but also seeks to affirmatively rebut
20 Pines' claims.  In opposition, Pines argues that Suja already had months to prepare and
21 gather evidence for its opposition. Moreover, since Suja brought the declaratory
22 judgment action, it already had time more than the average defendant to prepare its
23 opposition. Moreover, Pines argues that Suja has not provided reasons why its needs
24 discovery or what kind of information is needed. In fact, Pines argue that this is a run-
25 of-the-mill trademark infringement case where the products and trademarks at issue are
26 in the public domain.  It argues that it is facing "real, dire, imminent, and irreparable
27 harm that must be remedied as soon as possible or it will lose all control of its
28 registered trademark." (Dkt. No. 26 at 8.) Its Mighty Greens sales are plummeting and

it is unable to enter grocery store chains because Suja is infringing the Mighty Greens trademark. (Id.)

The "good cause" standard applies to determine whether expedited discovery should be granted. Lilith Games (Shanghai) Co. Ltd. v. uCool, Inc., No. 15cv1267-SC, 2015 WL 3523405, at *3 (N.D. Cal. June 4, 2015). "The good cause standard may be satisfied where a party seeks a preliminary injunction." American Legal Net, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citation omitted). However, expedited discovery is not automatic. Id. Courts may consider the following factors to determine reasonableness of expedited discovery and include "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." Am. LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009).

Here, a preliminary injunction motion is pending. Suja seeks discovery to demonstrate that Pines will not likely to prevail on the merits of its claims and is not suffering any irreparable harm in order to oppose the motion for preliminary injunction. Pines does not object to discovery starting early but objects to extensive discovery and a three month delay because it claims it will be irreparably harmed from Suja's continued alleged infringement of Pines' trademark. Lastly, Suja's request was made less than a week after the motion for preliminary injunction was filed by Pines. After considering Pines' opposition and the relevant factors, the Court concludes that while Suja has not particularized what specific discovery it seeks, Suja has shown sufficient good cause for expedited discovery to oppose Defendant's motion for preliminary injunction. In balancing the general discovery sought by Suja, and the prejudice alleged by Pines, the Court reconsiders its order and moves the hearing date to October 14, 2016.

**Conclusion**

Based on the above, the Court GRANTS Plaintiff's ex parte motion for leave to consider its late opposition and GRANTS in part Plaintiff's motion for reconsideration of the Court's order granting in part Suja's ex parte motion to continue preliminary injunction hearing date and granting expedited discovery.

The motion for preliminary injunction hearing set for November 4, 2016 shall be rescheduled to **October 14, 2016 at 1:30 p.m.** in Courtroom 2D. Any opposition shall be filed on or before **September 16, 2016.** Any reply shall be filed on or before **September 30, 2016.**

In addition, the Court notes that the motion for preliminary injunction exceeds the 25 page limit required under the S.D. Civil Local Rules 7.1(h) and Pines did not seek leave of Court to exceed the page limit.[4] Accordingly, the Court DIRECTS Pines to withdraw its motion for preliminary injunction and refile it in accordance with the 25 page limit or seek leave of court to file a brief exceeding the 25 page limit within three days of the filing of this Order.

IT IS SO ORDERED.

DATED: August 4, 2016

HON. GONZALO P. CURIEL
United States District Judge

---

[4] "Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion." Local Civ. R. 7.1(h).